**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4130**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SHANE JAMES SHIRLEY,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:15-cr-00245-D-1)

Submitted:  September 29, 2016        Decided:  October 3, 2016

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shane James Shirley pled guilty in accordance with a written plea agreement to possession of a firearm while subject to a protective order, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(2) (2012). Shirley was sentenced to 108 months of imprisonment, the bottom of his correctly calculated advisory Sentencing Guidelines range. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the district court erred by using the cross-reference for kidnapping to enhance his sentence and that his sentence was thus substantively unreasonable. Shirley was advised of his right to file a pro se supplemental brief but did not file such a brief. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. We affirm in part and dismiss in part.

The appeal waiver did not apply to Shirley's conviction. Having reviewed the entire record, we hold that: the district court substantially complied with Fed. R. Crim. P. 11; there was a factual basis for the plea; and the plea was knowingly and voluntarily entered. Accordingly, we affirm his conviction.

In the plea agreement, Shirley waived his right to appeal his sentence, with certain exceptions not applicable here. Upon review of the record, we conclude, given the totality of the circumstances, that the waiver is valid and enforceable. We

2

further find that the sentencing issue Shirley seeks to raise on appeal falls within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Accordingly, we grant the motion to dismiss Shirley's appeal of his sentence.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaivable issues and have found none. We therefore affirm in part and dismiss in part. This court requires that counsel inform Shirley, in writing, of his right to petition the Supreme Court of the United States for further review. If Shirley requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Shirley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART